EARL T. MILSOP AND DONALD MILSOP, RESPONDENTS, v. FRANK J. BELTRAMO, APPELLANT.

Submitted October 6, 1942—Decided March 31, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *John F. Sullivan* and *Randal B. Lewis.*

For the respondent, *Peter Calcia.*

The opinion of the court was delivered by

BODINE, J. The appeal is from a judgment for $300 in a District Court. On July 23d, 1941, the parties to the suit entered into an agreement for the purchase by the plaintiff and the sale by the defendant of a tract of land with the buildings thereon, together with the furniture therein, situate at Kampfe Lake in the Township of Bloomingdale, in this state.

The agreement contained the following clause: "It is further understood and agreed by the parties hereto that this agreement is entirely contingent and conditioned upon the granting by the First National Bank of Bloomingdale, New Jersey, of a $8,000 mortgage, and that if said bank refuses said mortgage loan, then, and in that event, this agreement will be null and void."

The proofs show that the bank refused to consummate such loan because its counsel reported that in his judgment the title to the premises was defective. The proofs conflict as to which of the parties first called the transaction at an end. The plaintiffs' contention was that while they could have cleared the title the defendant refused to proceed unless they met other terms which they were unable to meet. The defendant testified that one of the plaintiffs refused to have anything more to do with the matter because of the long delay. But this dispute was immaterial to the issue.

The record is confusing and like the briefs extended beyond reason. Rule 155 was not complied with and the case should have been dismissed for that reason alone.

Counsel for the bank regarded the title as defective. The bank would not lend the money so the agreement was, by its terms, at an end. *Herman* v. *Handler*, 125 *N. J. L.* 324.

The plaintiffs sought and secured a judgment for search fees and consequential damages because of the breach of the contract.

Without determining where the truth lies beyond the point mentioned it is clear that the judgment was erroneous.

The defendant's interest in the lands referred to in the agreement was a leasehold interest, which, under the cases, is regarded as personal property. *Hutchinson* v. *Bramhall,* 42 *N. J. Eq.* 372. Hence, no action for search fees lay under *N. J. S. A.* 2 :45-1 which relates to sales of real estate. ·The defect in the title being the apparent reason for the non-consummation of the agreement the only damages which could be recovered would be the down payment and that was restored. The recovery of protest fees on the first check given was not sought in this action. The trial court should have granted a nonsuit.

The judgment is reversed, with costs.